### LEVINE v. THOMAS, Collector of Internal Revenue (four cases).
### Nos. 1391–1394.

District Court, N. D. Texas, Dallas Division.
June 18, 1945.

Thompson, Knight, Harris, Wright & Weisberg, and J. P. Jackson, all of Dallas, Tex., for plaintiffs.

Frank B. Potter, Acting U. S. Atty., of Fort Worth, Tex., and A. W. Christian, Asst. U. S. Atty., of Dallas, Tex., for defendant.

ATWELL, District Judge.

I think beside the duty that is committed to the court at this time that I should announce that I still lean toward the decision in the Montgomery case, Montgomery v. Thomas, 5 Cir., 146 F.2d 76, but in the United States of America, we are orderly people and are boundened by the decisions of the appellate courts and precedent.

■ The fundamentals of the Montgomery case are, of course, that one may make his children his partners; he may do all the work and leave the children to pursue their childish pleasures or their education or whatever they may be engaged in. If he pursues a legal course in doing that and preserves for his children the fruits of their interests in the business, then in that event his actions must be considered legal. That case, I think, was the very outside limit of doctrine of that sort. Everything that was done in the Montgomery case is done by every right thinking father anyway, and what was done there was nothing more than the father's duty and should be and was his pleasure. The purpose of it was to reduce Federal income taxes. All of those questions are specifically determined in that suit. In the present case we have the added testimony that this was not done to influence income taxes. Of that statement the Court has grave doubt, but what was done here was what any father finds it is his pleasure and duty to do, that is, to make something and pass it on to his children. The law is that he may do that and make the child his partner and be the slave of the partnership and allow the children to go on the road of their own pleasure and happiness.

I cannot do anything but give judgment for the plaintiffs in this consolidated case, Nos. 1391, 1392, 1393, and 1394.

## Findings of Fact.

I. I find the facts to be as stipulated by the parties.

II. I further find that since the gift instruments were executed and went into effect, that William and Morris Levine have properly accounted for profits arising to the four children by reason of such instruments.

III. That the state district court of Wichita County construed the gifts as being bona fide transfers from the father to the children—but I give no weight to that fact in reaching my conclusion, as I think it is a Federal question and for the Federal Court.

IV. That there was a bona fide, valid transfer to each of the four children of an undivided fractional interest in the partnership business and the assets thereof.

V. That each transfer was with the consent and agreement of the members of the copartnership. It was their intention to make each child a partner and in fact each child became a bona fide partner in said copartnership.

VI. That since such transfers each child has been the owner of the corpus and income of such undivided interest.

VII. That since such transfers no part of the corpus or income from any child's interest has been used for the use or benefit of William Levine or Morris Levine, or for the education, support and maintenance of any child.

VIII. That the purpose of the partnership and gifts was to lessen income taxes.